## BONNER & GOODE VS. MOSES MARX.

EVIDENCE: *Hearsay — Instructions.*

M. being indebted to B. & G. $250, S., the holder of the claim, saw M., who said he "had been told by B. not to pay to G. but half of the debt, and to pay B. the other half." S. then agreed to settle with M., G.'s half, upon condition that B. confirmed the statement. S. saw B., who denied it. The court excluded so much of the testimony as gave the response of B. to the inquiry of S. A carriage was given by L. to G., who turned it over to M. for sale, he guarantying it to bring $250; the court instructed the jury that recovery could not be had under the count for money had and received, in this action, but that the suit must be brought

upon the guaranty. *Held*, that such testimony is not hearsay, and ought to have been received; that M. was bound by the declaration of B. in the same manner, and to the same extent, as if made by himself, and that whether M. took the carriage in part payment or on consignment, he was liable for money had and received for whatever amount the carriage brought, and that the charge was erroneous, and calculated to mislead the jury.

ERROR to the Circuit Court of *Copiah* County.

Hon. URIAH MILLSAPS, Judge.

This was an action of assumpsit brought by plaintiffs in error against the defendant to recover the sum of $350, attorney's fee. The declaration contained four counts : the first being upon a special contract; the second *indebitatus assumpsit;* the third upon a *quantum meruit;* and the fourth, a count for money had and received. The testimony then being introduced, the cause went to the jury, who gave a verdict for the defendant.

The plaintiff then moved for a new trial, which motion was overruled, therefore this cause comes to this court.

The following are the assignments of error, to wit:

1. The court erred in overruling plaintiffs' motion for a new trial.

2. The court erred in excluding the testimony of W. A. Stone, a witness for the plaintiff, as to the way a proposed settlement was offered.

3. The court erred in giving the instructions asked by the defendants.

*Harris & George*, for plaintiff in error :

The principle question presented, that is, the liability of Marx for the fee to Bonner & Goode. The circumstances of the case, when taken with Marx's statement, fixes the liability on him beyond question. He seeks to be released because, he says, that Goode accepted the carriage as payment of the fee. The carriage was placed in Marx's hands for sale, and the proceeds to be applied to the debt. Marx told Goode that he would see that the carriage brought $250. The carriage was sold and the only money paid was $125. He is surely bound for the balance.

The court excluded Stone's testimony. Stone was referred to Bonner by Marx and was to be governed by the statement of Bonner. Marx's statement was admitted by the court, but Stone's was excluded. It was not hearsay (Greenl. Ev., p. 212, § 182), which shows that the ruling was clearly wrong.

*T. E. Cooper*, for defendant in error :

Upon the evidence no recovery could be had on the second and third counts, as the services were rendered on a special contract for a certain sum, though they differ as to whether that sum was $250 or $350. The plaintiff could sue on the executed contract, either upon the contract or *indebitatus assumpsit*. Fowler *v.* Austin, 1 How. (Miss.), 156. He could not sue on a *quantum meruit* and recover any other amount than the one agreed upon. 1 Smith Leading Cases, 51.

The bill of particulars contained no item of charges for services rendered in the supreme court. No evidence, therefore, could be given of any such claim, and if given, could be obviated by proper instructions. No evidence was offered to sustain the count for money had and received, even if there had been, no recovery could have been had. The evidence of both Goode and Marx shows that Bonner was not known in the transaction. If Marx had sold the carriage for $250, he would have been liable only to Goode and not to Bonner, for want of priority. 3 Barn & Adolph, 354 ; 4 id., 79 ; 6 Bing. N. C., 367.

SIMRALL, J., delivered the opinion of the court.

Bonner & Goode, attorneys and counselors-at-law, sued E. Marx to recover for professional services rendered to him.

The first count is on a special contract, to institute and prosecute to final judgment a certain suit in the fifth district court of New Orleans, Louisiana, for which they were to be paid $350.

The second count is *indebitatus assumpsit* for professional services rendered.

The third count was *quantum meruit* for like services.

The fourth count was for money had and received, produced by

a sale of the plaintiff's carriage. The case was tried by the jury on the issues of *non assumpsit* and payment, with a set-off filed.

The first question is, did the court err in excluding a part of Judge Stone's testimony? The witness had come to an understanding with Marx, that he would pay the sum demanded in monthly installments. On the day an installment was due, Marx informed Stone that he had been told by Bonner not to pay to Goode but half the debt, and to pay Bonner the other half. Stone had agreed to take $350 for the claim. Stone then agreed to settle with Marx Goode's half of the $250, upon condition that he was to see or write to Bonner; and if Bonner confirmed Marx, the settlement at $125, which had already been paid to Stone for Goode, was to stand. Stone wrote to Bonner and also saw him in person, when Bonner denied altogether Marx's statement.

The circuit court, at the instance of the defendant, excluded so much of this testimony as gave the response of Bonner to Stone's inquiry. The reason assigned was, that it was hearsay testimony.

This was a misapprehension and erroneous application of the rule. Stone accepted for Goode one-half of the $250, contingent on the fact that Bonner had instructed Marx as he, Marx, claimed; and that Stone should either write to Bonner or see him in person, and was to abide the answer of confirmation or denial. Stone was referred by Marx to Bonner for information which should influence his conduct. The result of the inquiry was, of course, to be communicated to Bonner. The fact offered to be proved was, that Bonner was inquired of, and that he denied the statement made by Marx. An arrangement pertaining to the business was contingent on that, and Marx was bound by the declaration of Bonner in the same manner and to the same extent as if made by himself. Turner *v.* Yates, 16 How. (U. S.), 14; 1 Greenl. Ev., § 182. Such testimony is not hearsay; it ought to have been received. It was not controverted that Marx had paid $125 on the account. The testimony is conflicting, whether for the service embraced in the account, the plaintiff was to have been paid $250 or $350. Which ever sum the jury may have believed to be the

true amount, a balance is due, unless the jury also believed that Goode had accepted the carriage from Love, in payment for his legal services. Both Love and Marx were interested in the subject of the suit brought by the plaintiffs in the fifth district court in New Orleans. Marx alone, however, had made himself responsible for the fee. Goode, with Marx, visited Love in Copiah county, in order to induce him to aid in its payment. He turned over the carriage at the estimated rate of $250. Whether it was accepted by Goode in absolute payment for the services rendered, or whether it was so much advanced in exoneration of Marx toward the debt, is left in doubt. Marx says that it was accepted by Goode in payment, and that he engaged with Goode to sell it for him. Goode says he took the carriage and turned it over to Marx for sale, on the guaranty, on his part, that it would bring $250.

Goode claims that for whatever sum short of $250 the carriage brought, Marx is responsible; that the vehicle was to be sold by Marx on account of the indebtedness, and for any deficit Marx should pay. It would seem that these parties settled the amount of the indebtedness at $250. Whether Goode took the carriage in payment, or whether it was accepted to be sold by Marx and credited on the debt, was a matter peculiarly for the decision of the jury. Whatever construction they placed upon the testimony, we are satisfied that the plaintiffs could recover under the fourth count, for whatever money may have been received on the sale of the carriage by Marx, was "money had and received" for the plaintiffs' use. This is so, although Marx might be responsible on his guaranty for the $250. The first instruction granted for defendants was calculated to mislead the jury. It contained the proposition that recovery could not be had in this action for the price actually realized by the defendants for the carriage, but that he must be sued on the guaranty.

Judgment reversed and a *venire facias* awarded.